IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3261-BO

| | |
|---|---|
| ARNETT THOMAS,<br>          Plaintiff,<br><br>v.<br><br>FEDERAL MEDICAL CENTER,<br>          Defendant. | **ORDER** |

On October 9, 2014, Arnett Thomas ("Thomas" or "plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Thomas names the Federal Medical Center at Butner, North Carolina ("FMC-Butner"), as the defendant to the action. Id. Thomas seeks leave to proceed in forma pauperis [D.E. 2]. On February 23, 2015, Thomas filed a motion to amend his complaint [D.E. 6]. As explained below, the court grants the motion to amend and dismisses the action as frivolous.

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As for Thomas' motion to amend, a party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Thomas' complaint is subject to review under section 1915A, no defendant has been served. Thomas' motion to amend [D.E. 6] is granted, and the court reviews Thomas' amended complaint together with the original complaint.

Thomas has filed other actions with this court. Thomas v. Sony, No. 5:11-CT-3163-BO (E.D.N.C.); Thomas v. Federal Medcial Center, No. 5:11-CT-3048-D. And again, as in the other matters, Thomas' complaint is difficult to understand. The court also takes judicial notice of the civil commitment action against him in United States v. Thomas, No. 5:11-HC-2066-BR (E.D.N.C.). Thomas was indicted in the District of Arizona, found not competent to stand trial pursuant to 18 U.S.C. § 4241, and committed to the custody of the Attorney General. See, e.g., Thomas, No. 5:11-HC-2066-BR [D.E. 9] (E.D.N.C. July 5, 2011) (unpublished) (order committing Thomas pursuant to 18 U.S.C. § 4246). Thomas is confined at FMC-Butner, committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246. Id. In his amended complaint, Thomas alleges that

2

"around June 9, 10 or 11, 2010" there was a "saince [sic] experience" wherein something sharp poked Thomas' stomach and heart, and then "something paranormal scratched my heart." Compl. 4-5. Thomas contends that the incident was observed via video camera and wrote a report. Id. He continues by stating in 2011, $300.00 mysteriously appeared in his trust fund account. Next, he states officers sexually harass him by making disparaging statements. He also states that "another incident that happened in 2015, and 2014 Lieutenant Nurse McKinney called me a racial slur . . . and refused to give me my medication." Am. Compl. He states that he is black and disabled and that his the basis of the lawsuit and that he does not feel safe at Butner. Compl., and Am. Compl.

Thomas has failed to name any defendant subject to suit in a Bivens action. In Bivens, the Supreme Court recognized a right of action against federal officials for the violation of the Fourth Amendment. See Bivens, 403 U.S. at 397. "[T]he logic of Bivens itself does not support" extending Bivens from federal agents to federal agencies. FDIC v. Meyer, 510 U.S. 471, 473 (1994); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996). Therefore, FMC-Butner is not amenable to suit, and Thomas' claims against FMC-Butner are dismissed.

To the extent Thomas seeks to assert a claim for inadequate medical care under Bivens, he must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, if the individual is an incarcerated prisoner, or his due process rights under the Fifth Amendment, if the individual is a pretrial detainee. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The standard under the Eighth Amendment and Fifth Amendment is the same. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). In order to prove such a claim, Thomas "must demonstrate that the officers acted with 'deliberate

3

indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. Thomas's conclusory allegations concerning the medical attention provided to him fail to state a claim for deliberate indifference to a serious medical need.

The court notes that plaintiff may be attempting to argue some type of discrimination claim, either based on race or an alleged disability, or both. Specifically, plaintiff articulates name calling. "[O]nly the unnecessary and wanton infliction of pain" rises to the level of a constitutional violation. Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, __ U.S. ___, 130 S. Ct. 1175 (2010). To prove an excessive force claim, plaintiff must show that the force the officer applied was "nontrivial." Wilkins, 130 S.Ct. at 1179. "An inmate who complains of a [mere] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. 130 S.Ct. at 1178 (internal quotations omitted). Thus, mere words alone, however violent or offensive, do not amount to an assault or state a constitutionally significant claim. Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir.2007) (rejecting inmate's claim regarding guard's use of racial slur, because "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983") (citing Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); see also Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir.1999) (finding that, without more, officers' alleged use of "racial epithets" toward plaintiff did not "by itself rise to the level of a constitutional violation"); Keyes v. City of Albany, 594 F.Supp. 1147, 1155–56 (N. D.N.Y.1984) ("[T]he use of vile and abusive

4

language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim" or support claim of race discrimination). Furthermore, conclusory assertions of retaliation, discrimination, and conspiracy do not state actionable claims. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974) (Racial discrimination claims within the prison system by the prison administration are actionable, but mere conclusory allegations of discrimination are insufficient to state a claim); Goldsmith v. Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Phillips v. Mashburn, 746 F.2d 782 (11th Cir. 1984). Thus, "[t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Id. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 677–83; Twombly, 550 U.S. at 555. The claims are mere conclusory allegation of discrimination without a supported and articulated set of facts, and the claims not actionable in the context of a civil rights action.

In an abundance of caution, the court also finds that any allegations not specifically set out and addressed are too generalized and conclusory, without a basis in fact, meritless, and dismissed. White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d at 74 (conclusory allegations of retaliation are frivolous). Likewise, plaintiff has failed to articulate any type of injury arising from any generalized allegations not specifically set out above again falling short of an actionable claim. Iqbal, 556 U.S. at 677–83; Twombly, 550 U.S. at 555; Whitley, 475 U.S. at 319. Lastly, § 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See

5

Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). Examples of such claims, the Supreme Court has said, are those "describing fantastic or delusional scenarios," or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact. Id. at 32-33 (citing Neitzke, 490 U.S. at 328).

In sum, the court GRANTS plaintiff's motion to amend [D.E. 4], and DISMISSES plaintiff's action as clearly frivolous. Plaintiff's motion for leave to proceed in forma pauperis [D.E. 2] is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 8 day of May 2015.

Terrence W. Boyle
TERRENCE W. BOYLE
United States District Judge